UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. POWERS,<br>    Plaintiff,<br><br>    v.<br><br>AT&T,<br>    Defendant. | Case No. 15-cv-01024-JSC<br><br>**ORDER REGARDING SERVICE OF THE COMPLAINT AND DENYING MOTION FOR DISCOVERY**<br><br>Re: Dkt. No. 2 |

Plaintiff Richard B. Powers ("Plaintiff"), proceeding pro se, contends that his former employer, Defendant AT&T ("Defendant"), discriminated against him on the basis of his age, retaliated against him based on prior protected activity, and improperly denied him retirement benefits in violation of ERISA. (*See* Dkt. No. 1.) Plaintiff filed the instant complaint on March 4, 2015. (*Id.*) Plaintiff did not attach a proposed summons to his complaint, the Clerk's Office has not issued a summons, and Defendant has not yet been served. Federal Rule of Civil Procedure 4 governs service of a complaint and summons in federal court. It is the plaintiff's obligation to present a summons to the Clerk of Court for signature and seal. Fed. R. Civ. P. 4(b). If the summons is properly completed, then the Clerk's Office issues it to the plaintiff for service on the defendant. *Id.* "The plaintiff is responsible for having the summons and complaint served" within 120 days after the complaint is filed, unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(c), (m). Thus, it is Plaintiff's responsibility to obtain a summons from the Clerk of Court and timely serve Defendant, and failure to do so may result in dismissal. *See* Fed. R. Civ. P. 4(m); *Arim v. First Horizon Home Loans*, No. C 11-01544 LB, 2012 WL 6783559, at *1 (N.D. Cal. Dec. 17, 2012).

The same day that Plaintiff filed the complaint (sans summons), he also filed a motion for

discovery, seeking an order compelling Defendant to produce certain documents, including e-mails and text messages regarding an employee's resignation and regarding other age-related statements made by other employees, Defendant's EEO guideline from 2010, and contact information for witnesses.  (*Id.*)  This matter is set for a Case Management Conference ("CMC") in June.  The Court issued an Order setting forth deadlines for the parties to meet and confer regarding initial disclosures and a proposed plan for discovery pursuant to the parties' obligations under Federal Rule of Civil Procedure 26(f).  (*See* Dkt. No. 3 at 1-2.)  The Court thus construes Plaintiff's motion as a request for early discovery.

Rule 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties.  Generally, a "good cause" standard applies to determine whether to permit such early discovery.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*  Such good cause may be found, for example, where the plaintiff needs discovery to identify doe defendants, *see, e.g.*, *OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citation omitted), or where preliminary injunction motions are pending, *see, e.g.*, *Palermo v. Underground Solutions, Inc.*, No. 12cv1223-WQH(BLM), 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012).  In considering whether good cause exists, factors courts may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

Here, Plaintiff does not provide any reasons why early discovery is required.  (*See* Dkt. No. 2.)  As discussed above, Defendant has not yet been served or appeared in this matter but is clearly identified, so this is not a case in which early discovery is needed to determine the defendants' identities.  *Cf OpenMind Solutions, Inc.*, 2011 WL 4715200, at *2.  Nor is there a preliminary injunction motion pending that might justify early discovery.  *Cf. Palermo*, 2012 WL

2

2106228, at *2.  Moreover, the discovery requests are broad, which weighs against granting early discovery.  For example, Plaintiff seeks documents, emails, and text messages "regarding alleged resignation" and regarding "age[-]related comments" other employees made, among others.  (Dkt. No. 2.)  These requests are not narrowly tailored to serve any particular purpose worthy of early discovery, but rather "appear[ ] to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference," which is improper.  *Palermo*, 2012 WL 2106227, at *3.

Because Plaintiff has failed to show good cause for why early discovery should be permitted, the Court DENIES Plaintiff's motion.

The Court reminds Plaintiff of his obligations to serve a summons and complaint on Defendant in accordance with Rule 4.  In light of the fact that Plaintiff has not yet obtained a summons, the case management conference currently set for June 5, 2015 is CONTINUED to August 6, 2015 at 1:30 p.m., before Magistrate Judge Jacqueline Scott Corley, in Courtroom F, 15th Floor, Federal Building, 450 Golden Gate Avenue in San Francisco.  A case management conference statement shall be filed seven days prior to the conference.

The Court encourages Plaintiff to seek free legal assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco CA 94102, or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland CA 94612.  Appointments can be made in person or by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated:  April 17, 2015

_____
Jacqueline Scott Corley
United States Magistrate Judge

3